## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JAMES D. GRIMES, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CASE NO. 2:09-CV-307-TJW |
| LUFKIN INDUSTRIES, INC., | § § § | |
| *Defendant.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) from the Marshall Division to the Lufkin Division of the Eastern District of Texas. (Dkt. No. 3.) After carefully considering the presented facts and arguments, as well as the applicable law, the Court DENIES Defendant's motion for the following reasons.

**I.     BACKGROUND**

The case before the Court is an age discrimination case regarding Plaintiff's termination from employment with Defendant. Plaintiff James D. Grimes is an individual with residence in the Eastern District of Texas, Lufkin Division. Defendant Lufkin Industries, Inc. ("Defendant") is a corporation with a place a business in Lufkin, Texas. Plaintiff's employment with Defendant was at Defendant's Lufkin, Texas location. The Court notes that, according to the official Texas Mileage Guide available from the Texas Comptroller's Office, Lufkin, Texas is located only 95.8 miles away from Marshall, Texas. Both the Lufkin Division and the Marshall Division are located in the Eastern District of Texas.

**II.     LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28

U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *quoting Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (*citing Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the moving party bears the burden of showing "good cause," which the Court explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *Id*. at 315.

The Court noted, however, that the relevant factors to be considered in ruling on a §1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (*citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* at 315. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (*citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re*

*Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id.* The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.*

## III. DISCUSSION

The Court finds that, based upon the factors analyzed below, transfer is not appropriate. The Court notes that Lufkin, Texas is only 95.8 miles away from Marshall, Texas. While many factors are neutral to transfer and other factors slightly favor transfer, the Defendant has not met its burden showing that a transfer to the Lufkin Division would clearly be in the interests of justice and for the convenience of the parties.

### 1. Private Factors

#### a. Convenience of the parties and witnesses and costs of attendance for witnesses

The Court will first assess the convenience of the parties involved. Plaintiff filed suit in the Marshall Division of the Eastern District of Texas. Plaintiff is an individual residing in Lufkin, Texas. Defendant is a corporation located in Lufkin, Texas. Both parties are located in the Eastern District of Texas.

Next, the Court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability

for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* All witnesses reside in the Eastern District of Texas. While the Defendant has not identified any specific key witnesses, Defendant alleges that any co-workers and potential non-party witnesses "reside in or near the Lufkin Division."

The Court notes that Lufkin, Texas is only 95.8 miles away from Marshall, Texas. Further, both the Lufkin Division and the Marshall Division are located in the Eastern District of Texas. Therefore, the Court finds that this factor only slightly favors transfer.

### b. The relative ease of access to sources of proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Most of the sources of proof and documents are located in Lufkin, Texas. The Court notes that Lufkin, Texas is only 95.8 miles away from Marshall, Texas. Further, both the Lufkin Division and the Marshall Division are located in the Eastern District of Texas. Therefore, the Court finds that this factor only slightly favors transfer.

### c. The availability of compulsory process to secure the attendance of witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. The parties have not identified any third party witnesses over which the Lufkin Division would have subpoena power as compared to the Marshall Division. Therefore, the Court finds this factor is neutral as to transfer.

> d. **All other practical problems that make trial of a case easy, expeditious and inexpensive**

The Court is unaware of any practical problems that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

2. **Public Interest Factors**

   a. **The administrative difficulties flowing from court congestion**

The Court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

   b. **The local interest in having localized controversies decided at home**

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. While there might be more "local" interest in the Lufkin Division rather than the Marshall Division, all of the underlying actions in this case occurred in the Eastern District of Texas. Therefore, the Court finds that this factor is neutral as to transfer.

   c. **The familiarity of the forum with the law that will govern the case**

The proposed transferee forum is familiar with the law that could govern this case. This Court is familiar with that law as well. Therefore, the Court finds this factor is neutral as to transfer.

   d. **The avoidance of unnecessary problems of conflicts with laws**

The Court finds that this factor is inapplicable in this transfer analysis.

IV. **CONCLUSION**

The Court has carefully reviewed the facts and applicable law regarding Defendant's motion to transfer. The Court notes that Lufkin, Texas is only 95.8 miles away from Marshall, Texas. Further, both the Lufkin Division and the Marshall Division are located in the Eastern

District of Texas. While some of the factors slightly favor transferring this case to the Lufkin Division of the Eastern District of Texas, the Defendant has not met its burden on showing that a transfer would clearly be in the interests of justice and for the convenience of the parties. Thus, the Court hereby DENIES Defendant's motion to transfer. (*See* Dkt. No. 3).

IT IS SO ORDERED.

SIGNED this 16th day of December, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE